1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY KIRKWOOD,

            Plaintiff,

    v.

K. RAMIREZ,

            Defendant.

Case No.: 1:23-cv-00314-JLT-SKO (PC)

**ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT**

(Doc. 19)

Plaintiff Larry Kirkwood is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Ramirez.

On December 7, 2023, the Court issued its Order Finding Service Appropriate. (Doc. 13.) Defendant filed a waiver of service on January 5, 2024. (Doc. 16.)  On February 6, 2024, Defendant filed an answer to the complaint. (Doc. 17.)  The Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days on February 9, 2024. (Doc. 18.)

On February 14, 2024, Plaintiff filed an untitled document seeking default against Defendant for failing to respond to his complaint. (Doc. 19.)

## II.    DISCUSSION

Plaintiff is not entitled to default. Plaintiff's request is dated and signed February 8, 2024. (Doc. 19.) He claims Defendant failed to respond to his complaint, but he is mistaken. Defendant filed a timely answer to Plaintiff's complaint on February 6, 2024. (*See* Doc. 17.) Defendant served Plaintiff at his address of record by first class mail on that same date. (*Id*. at 8.)  Rule 5 of the Federal Rules of Civil Procedure provides a document "is served" by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff's request, made two days after the deadline for Defendant's response, is also hasty. As noted above, Defendant served Plaintiff at his address of record by first class mail on February 6, 2024. (*See* Doc. 17 at 8.) Title 15 of the California Code of Regulations section 3133 provides that "All First-Class Mail shall be delivered to the inmate as soon as possible, but not later than seven calendar days from receipt of the mail at the facility mailroom." 15 C.C.R. § 3133(a)(1). Therefore, even assuming Defendant's answer was received at the facility's mailroom the day after it was served by first class mail, or on February 7, 2024, the regulations allow for its delivery to Plaintiff within seven calendar days. Thus, Plaintiff should have waited seven days before asserting that Defendant did not timely comply with a deadline or court order. Had he done so, it is likely Plaintiff would have received Defendant's timely filed answer.

## III.    CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's request for default (Doc. 19) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 20, 2024**          */s/ Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE