UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY KIRKWOOD,<br><br>             Plaintiff,<br><br>     v.<br><br>K. RAMIREZ,<br><br>             Defendant. | Case No.: 1:23-cv-00314-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE** |

Plaintiff Larry Kirkwood is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     BACKGROUND**

The Court issued its Discovery and Scheduling Order on June 12, 2024. (Doc. 31.)  On July 24, 2024, Plaintiff filed a notice of change of address, indicating he was no longer incarcerated and was residing at Coast Recovery in Van Nuys, California. (Doc. 35.)

On August 29, 2024, the Court issued its Order Granting Ex Parte Application to Modify Discovery and Scheduling Order, extending the deadline for filing an exhaustion motion to December 11, 2024, following Defendant's request. (Doc. 37.) A docket entry of September 9, 2024, reflects the Court's order was returned by the United States Postal Service marked "Undeliverable, Unable to Forward."

On October 29, 2024, Defendant filed a motion to compel Plaintiff's responses to Defendant's outstanding discovery requests. (Doc. 38.) The motion states that a notice regarding Plaintiff's deposition served July 29, 2024, was returned to defense counsel marked "Return to Sender" on or about August 6, 2024. (*Id*. at 3; Doc. 38-1, ¶ 4.) The motion also states that written discovery propounded on September 26, 2024, and notices regarding depositions for incarcerated persons Young and Green served October 3, 2024, were returned on or about October 8 and October 15, respectively, marked "Return to Sender." (*Id*. at 4; Doc. 38-1, ¶¶ 13-14.) On October 18, 2024, defense counsel discovered that the Division of Adult Parole Operations' records reflected Plaintiff was a transient. (Doc. 38-1, ¶ 16.)

## II.     DISCUSSION

Plaintiff is required to keep the Court and other parties apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Pursuant to Local Rule 183(b), Plaintiff's address change was due no later than November 11, 2024, following the September 9, 2024, docket entry. It has now been 74 days since the last mail directed to Plaintiff by the Court was returned by the postal service marked undeliverable. Plaintiff paroled in July 2024 and provided the Court with an updated address on July 24, 2024. That address is no longer current.

Plaintiff has failed to file an updated notice of change of address and has not otherwise been in contact with the Court. The Court notes that Defendant also directed mail to Plaintiff at his address on record with the Court; a discovery request and notices of deposition were returned

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

to defense counsel, marked "Return to Sender." Because Plaintiff has failed to comply with this Court's Local Rules by keeping the Court and parties apprised of his current address, Plaintiff has failed to prosecute this action.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to act. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Plaintiff's failure to file a notice of change of address after September 9, 2024, weighs in favor of dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket —weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *In re PPA,* 460 F.3d at 1227.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Defendant has appeared in the action, and although discovery commenced on June 12, 2024, discovery related documents directed to Plaintiff have been returned to defense counsel marked "Return to Sender." Plaintiff has failed to timely respond to discovery propounded by Defendant, resulting in unreasonable delays in prosecuting this case. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Plaintiff has not moved this case forward toward disposition on the merits, and has instead ceased communicating with the Court. *In re PPA*, 460 F.3d at 1228. Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Malone*, 833 F.2d 128, 132-33 (9th Cir. 1987); *Henderson*, 779 F.2d at 1424. In this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued March 2, 2023, Plaintiff was warned that a "pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address," citing Local Rule 182(f). (*See* Doc. 3 at 5.) The Order further warned that if "a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute," citing to Local Rule 183(b). (*Id.*) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules. In sum, the fifth factor weighs in favor of dismissal. *Ferdick*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440-41.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, for Plaintiff's failure to prosecute this action by failing to keep the Court apprised of his current address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages**

without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 12, 2024**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE